

**CHUBB**

**Chubb & Son, a division of Federal Insurance Company**
15 Mountain View Road. P.O. Box 1615, Warren, New Jersey 07061-1615

Fax No. (908) 903-5787

# FAX TRANSMITTAL COVER SHEET

DATE: October 3, 2001                                   Total number of pages: 8

TO:     Randolph H. Freking Esq.                        Fax: 513-651-2570

FROM:   Suzanne Johnson                                 Phone (908) 903-3822
        Associate Counsel
        General Counsel Department

To acknowledge receipt or correct transmission problems, please call:
Sue Moeller at (908) 903-3586.

**Message:**

### CONFIDENTIALITY NOTE

The comments accompanying this telecopy transmission contain information from the Corporate General Counsel Department, which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited, and that the documents should be returned to this department immediately. If you have received this telecopy in error, please notify us by telephone immediately.



EXHIBIT 39

## CHUBB & SON

**VIA FACSIMILE AND USPS**
513-651-2570

October 3, 2001

Randolph H. Freking, Esq.
Freking & Betz
215 East Ninth Street
Fifth Floor
Cincinnati, OH 45202

Re:  **Doug Baillie**

Dear Randy:

Enclosed is a revised Release and Confidentiality Agreement ("Agreement") for your review.

As discussed, we have agreed to include as additional consideration in Paragraph #3 of the Agreement a recommendation to the Board of Directors that Mr. Baillie receive a pro rata share of his restricted stock.

Per Company policy, Mr. Baillie will be receiving two weeks of severance pay in connection with his termination of employment on October 1, 2001. Accordingly, we have adjusted the severance monies in Paragraph #3 of the Agreement to account for the two weeks of severance monies ($5,692) that are being paid outside of the Agreement.

Please call me with any questions.

Very truly yours,

Suzanne D. Johnson
Assistant Vice President and
Associate Counsel

SDJ/sam
Enclosure
69690.01

bcc: Pat Hurley

# RELEASE AND CONFIDENTIALITY AGREEMENT

IT IS HEREBY AGREED by and between Douglas W. Baillie ("BAILLIE"), 7713 Pine Isle Ct., Cincinnati, OH 45244, and CHUBB & SON, a division of FEDERAL INSURANCE COMPANY ("CHUBB & SON"), 15 Mountain View Road, Warren, New Jersey 07059, for good and sufficient consideration set forth below as follows:

1. The PARTIES hereto agree and understand that when used in this Release and Confidentiality Agreement, CHUBB shall mean CHUBB & SON, a division of FEDERAL INSURANCE COMPANY, its parent corporation, their affiliates, subsidiaries, the predecessor organizations and their successors, assigns and their current or former officers, directors, employees and agents, whether in their official or individual capacities, and the current and former trustees and administrators, whether in their official or individual capacities, of any pension or other benefit plan applicable to the present or former employees of CHUBB, as defined in this paragraph, and any such plan.

2. BAILLIE has been separated from employment with CHUBB & SON effective October 1, 2001. As of October 1, 2001, BAILLIE shall have no duties, responsibilities or authority on behalf of CHUBB & SON, nor shall he otherwise act as an employee of CHUBB & SON.

3. CHUBB & SON agrees (a) to pay BAILLIE the sum of ONE HUNDRED FORTY-TWO THOUSAND THREE HUNDRED NINE DOLLARS ($142,309), subject to withholding; (b) to arrange for outplacement services as set forth more fully in Paragraph 4 herein; (c) to pay BAILLIE's bills for the continuation of CHUBB's medical, dental and vision coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) in an amount not to exceed FOUR THOUSAND ONE HUNDRED SEVENTEEN ($4,117); and (d) to

recommend that BAILLIE's termination be deemed to be with the consent of the Organization and Compensation Committee of the Board of Directors of The Chubb Corporation as respects i) BAILLIE's Restricted Stock Award Agreement dated February 2, 1998, which consent shall provide for a pro rata distribution to reflect BAILLIE's employment through October 1, 2001; and ii) outstanding stock options granted to BAILLIE on or before March 2, 2000 under The Chubb Corporation Long-Term Stock Incentive Plan which consent shall provide for the exercise of such options by BAILLIE through the earlier of a) the date 60 months following his termination date, or b) the original expiration date of each option; all of the above contingent upon and in consideration of BAILLIE's agreement to this Release and Confidentiality Agreement.

4. CHUBB & SON agrees to provide outplacement services to BAILLIE in an amount up to SEVEN THOUSAND SEVEN HUNDRED DOLLARS ($7,700), said services to be furnished by LEE HECHT HARRISON LLC.

5. Neither this Release and Confidentiality Agreement, nor anything contained herein, shall be construed as an admission by CHUBB of any liability to BAILLIE or of any unlawful conduct or wrongdoing whatsoever. The Parties hereto agree and understand that the above-referenced payment and other consideration are in excess of that which CHUBB & SON is obligated to provide to BAILLIE, or which would normally be provided to an individual who was leaving or had left CHUBB & SON, and that they are provided solely in consideration of BAILLIE's agreement to this Release and Confidentiality Agreement.

6. (a) In return for CHUBB & SON's agreement to provide BAILLIE with the above-referenced payment and other consideration, BAILLIE for himself, his heirs, privies, executors, administrators, assigns, successors-in-interest and predecessors-in-interest, hereby releases and forever discharges CHUBB of all actions, causes of action, claims, charges,

complaints, contracts, agreements, and promises whatsoever, known or unknown, suspected or unsuspected, in law or in equity against CHUBB BAILLIE ever had, now has, or shall have against CHUBB to the date of BAILLIE's execution of this Release and Confidentiality Agreement, including, but not limited to, any and all matters arising out of BAILLIE's employment by CHUBB and the cessation of BAILLIE's employment, claims for breach of an implied or express employment contract, claims for wrongful discharge, claims alleging a violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the **Age Discrimination In Employment Act of 1967**, the New Jersey Law Against Discrimination, the New Jersey Conscientious Employee Protection Act, the Americans with Disabilities Act, or any other federal, state or local civil or human rights law regarding discrimination based on race, color, age, sex, sexual orientation, religion, marital status, familial status, disability, or national origin, or any alleged violation of any other local, state, or federal law, regulation, ordinance and/or public policy, contract or tort law having any bearing whatsoever on the terms or conditions and/or the cessation of BAILLIE's employment with CHUBB, BAILLIE ever had, now has or shall have, including claims for attorneys' fees.

(b) BAILLIE covenants not to accept, recover or receive any monetary damages or any other form of relief which may arise out of or in connection with any administrative charges, investigations, actions or remedies which may be filed with or pursued independently against CHUBB by BAILLIE or another individual or a governmental agency or agencies, whether federal, state or local, including but not limited to the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission. BAILLIE further covenants not to testify, provide information or otherwise assist in any investigation or lawsuit filed with or pursued independently against CHUBB by BAILLIE or another individual or a governmental agency or agencies, whether federal, state or local, except under the compulsion of law.

7. Should BAILLIE violate Paragraph 6 and institute an action, cause of action or claim against CHUBB for any reason, BAILLIE agrees that he will pay all costs and expenses, including attorney's fees, incurred by CHUBB in defending against such action, cause of action or claim, except to the extent BAILLIE asserts that this Release and Confidentiality Agreement does not constitute a knowing and voluntary waiver under the ADEA or otherwise fails to comply with the Older Workers Benefit Protection Act of 1990.

8. BAILLIE and CHUBB & SON agree that this Release and Confidentiality Agreement shall not be construed as a release or waiver of any right BAILLIE has to his vested account balances in the Chubb Capital Accumulation Plan; the Pension Plan of The Chubb Corporation, Chubb & Son Inc. and Participating Affiliates (1985); and The Chubb Corporation Employee Stock Ownership Plan.

9. BAILLIE agrees not to disclose, either directly or indirectly, any information whatsoever regarding the existence or substance of this Release and Confidentiality Agreement to any person other than his legal counsel or financial advisor, the appropriate taxing or governmental authority, or as is otherwise required by law. A violation of this promise of confidentiality shall be considered a material breach of this Release and Confidentiality Agreement.

10. BAILLIE agrees that he will not at any time in the future apply for or accept employment with CHUBB and that CHUBB is not at any time in the future obligated to favorably consider BAILLIE for employment.

11. This Release and Confidentiality Agreement shall be construed and governed by the laws of the State of New Jersey. It is agreed that the covenants of this Release and Confidentiality Agreement are severable, and that if any single clause, or clauses shall be found

unenforceable, the entire Release and Confidentiality Agreement shall not fail but shall be construed and enforced without any severed clauses in accordance with the tenor of this Release and Confidentiality Agreement.

12. BAILLIE acknowledges that he has been afforded a reasonable opportunity of at least twenty-one (21) days to consider this Release and Confidentiality Agreement and certifies that he has been encouraged to consult with or seek advice from an attorney of his choosing. Having decided that the consideration referred to in Paragraph 3 above fully compensates him for making the promises set forth herein, BAILLIE freely and knowingly, and after due consideration, enters into this Release and Confidentiality Agreement.

13. This Release and Confidentiality Agreement shall become effective and enforceable on the eighth (8th) day after execution hereof by BAILLIE. The Parties understand and agree that BAILLIE may revoke this Release and Confidentiality Agreement after having executed it by so advising Patricia A. Hurley, Employee Relations Manager, CHUBB & SON, a division of Federal Insurance Company, 15 Mountain View Rd., Warren, NJ 07061 in writing, provided such writing is received by CHUBB & SON before the eighth (8th) day after his execution of this Release and Confidentiality Agreement.

14. This Release and Confidentiality Agreement constitutes the complete understanding among the Parties and may not be changed orally. BAILLIE acknowledges that CHUBB has not made any representation or promise to him other than as set forth in the Release and Confidentiality Agreement. No amendments to this Release and Confidentiality Agreement shall be binding unless in writing and signed by the parties after the execution of the Release and Confidentiality Agreement.

15. BAILLIE acknowledges and agrees that he has read and fully understands the meaning of each provision of this Release and Confidentiality Agreement, that he has had the opportunity to consult with counsel concerning it, and that he freely and voluntarily enters into it.

_____
Douglas W. Baillie

_____
Date

STATE OF _____ )
                      ) SS.:
COUNTY OF _____ )

    I, _____, a Notary Public, do hereby certify that Douglas W. Baillie, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

    Given under my hand and official seal this _____ day of _____, 20___.

_____
Notary Public

My Commission Expires:

_____

*Chubb & Son*
*a division of Federal Insurance Company*

BY: _____
      Patricia A. Hurley

DATE: _____